UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**OLEG S. PROKOPEV,**

      **Plaintiff,**

v.                                                   Case No: 6:23-cv-541-CEM-EJK

**EVGENY IGOREVICH LUNEGOV, TATIANA LUNEGOVA, ALFA PRO INC., ROCKET MORTGAGE, LLC, RUSSIAN-AMERICAN DEVELOPMENT COMPANY LLC, CIVIC FINANCIAL SERVICES, LLC, RUSLAN CHERNYSHOV, R&B ONE CORPORATION, R&B ONE AUTO SALES INC., and VICTOR MIKHAYLOV,**

      **Defendants.**

**ORDER**

This cause comes before the Court on the following:

1. Plaintiff's Motion for Entry of Clerk's Default Against Defendant Russian-American Development Company LLC (Doc. 29); and

2. Plaintiff's Motion for Entry of Clerk's Default Against Defendant Alfa Pro Inc. (Doc. 31) (collectively, the "Motions"), both filed May 14, 2023.

Upon consideration, the Motions are due to be granted.

## I. BACKGROUND

Plaintiff filed a multi-count Complaint against numerous defendants on March 23, 2023. (Doc. 1.) Relevant here, on April 18, 2023, the Summons and Complaint were served on Defendant Russian-American Development Company LLC through service on its registered agent and on Defendant Alfa Pro, Inc. through service on its manager. (Docs. 29-1; 31-1.) Plaintiff now seeks entry of a clerk's default against these two Defendants for their failure to appear in this case. (Docs. 29, 31.)

## II. STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before the clerk may enter default, he or she must determine that effective service has been made on the defaulting defendant because, without effective service, there is no jurisdiction and no obligation to answer or "otherwise defend." *See Kelly v. Florida*, 233 Fed. App'x 883, 885 (11th Cir. 2007) (unpublished).

## III. DISCUSSION

### A. Defendant Russian-American Development Company LLC

Defendant Russian-American Development Company LLC is a Florida limited liability company. (Doc. 1.) Under the federal rules, a corporate defendant may be served by:

> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1)(B).

Plaintiff asserts he served Defendant Russian-American Development Company LLC's registered agent, which the Return of Service affidavit (Doc. 29-1) confirms. As this Defendant was served on April 18, 2023, in compliance with the federal rules, and more than 21 days have passed with no responsive pleading filed, default is appropriate. Fed. R. Civ. P. 4(h)(1)(B); 12(a)(1)(A)(i).

### B. Defendant Alfa Pro, Inc.

Defendant Alfa Pro, Inc., is a Florida corporate entity. (Doc. 1.) In addition to the federal rules, a corporate defendant may also be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1); 4(h)(1)(A).

Florida Statutes permit process to be served on a corporation by serving any one of the following persons: (1) the president, vice president or other corporate head; (2) the cashier, treasurer, secretary, or general manager; (3) any corporate director; (4) any officer or business agent residing in Florida; or (5) an agent designated by the

corporation under Florida Statute § 48.091.[1] *See* Fla. Stat. §§ 48.081(1), (3)(a). Alternatively, service can be made on the registered agent. Fla. Stat. § 48.081(3)(a). However, if service cannot be made on the registered agent because of a corporation's failure to comply with Florida Statute § 48.091, service of process is permitted on any employee at the corporation's principal place of business or on any employee of the registered agent. *Id.*

Here, the Return of Service affidavit indicates that the process server went to serve Alfa Pro, Inc.'s registered agent on Tuesday, April 18, 2023, at 11:44 a.m., a time during which the registered agent should have been present. (Doc. 31-1); Fla. Stat. § 48.091(2). Therefore, Plaintiff was permitted to serve Alfa Pro, Inc.'s manager, as an employee at its principal place of business.[2] Thus, service was effective under

---

[1] Florida Statute § 48.091 provides:

> (1) Every Florida corporation and every foreign corporation now qualified or hereafter qualifying to transact business in this state shall designate a registered agent and registered office in accordance with part I of chapter 607.
>
> (2) Every corporation shall keep the registered office open from 10 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays, and shall keep one or more registered agents on whom process may be served at the office during these hours. The corporation shall keep a sign posted in the office in some conspicuous place designating the name of the corporation and the name of its registered agent on whom process may be served.

[2] Alfa Pro, Inc.'s principal place of business and the address of its registered agent are the same. *Detail by Entity Name of Alfa Pro, Inc.*, Division of Corporations, an official State of Florida website, https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=ALFAPRO%20P19000

Florida law. Fla. Stat. § 48.081(3)(a). Since this Defendant was served on April 18, 2023, and more than 21 days have passed with no responsive pleading filed, default is appropriate. Fed. R. Civ. P. 12(a)(1)(A)(i).

## IV. CONCLUSION

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Motion for Entry of Clerk's Default Against Defendant Russian-American Development Company LLC (Doc. 29) is **GRANTED**.

2. Plaintiff's Motion for Entry of Clerk's Default Against Defendant Alfa Pro Inc. (Doc. 31) is **GRANTED**.

3. The Clerk is **DIRECTED** to enter defaults against Defendants Russian-American Development Company LLC and Alfa Pro, Inc.

4. Pursuant to Local Rule 1.10(c), within thirty-five days after entry of a clerk's default, the party entitled to a default judgment must apply for the default judgment **or must file a paper identifying each unresolved issue—such as the liability of another defendant—necessary to entry of the default judgment**.

---

0213110&aggregateId=domp-p19000021311-756c5411-f0f5-4c1c-8802-9ba3aa81f204&searchTerm=alfa%20pro%20inc&listNameOrder=ALFAPRO%20P190000213110 (last visited May 23, 2023).

**DONE** and **ORDERED** in Orlando, Florida on May 25, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE